### LYMAN v. GRAMERCY CLUB et al.

(Supreme Court, Appellate Division, First Department. April 7, 1899.)

1. CORPORATIONS—ESTOPPEL TO DENY EXISTENCE—EXCISE BONDS.
    Where an excise bond, reciting that the principal is an incorporated
    club, is in evidence, in a suit thereon, the surety is estopped to deny in-
    corporation.

2. INTOXICATING LIQUORS—EXCISE BONDS—VIOLATION—CLUBS.
    Where a person, having previously individually conducted all the af-
    fairs of an alleged club, pretends to purchase the club's charter, and
    afterwards three or four persons get together and say they are the
    "club," but he continues to individually conduct the business, which in-
    cludes the sale of liquor, he is either the agent of the club or, in effect,
    a corporation sole; and, in an action on an excise bond given by the club,
    a claim that the conditions of the bond were violated by the individual,
    and not by the corporation, is not valid.

3. SAME—PROVINCE OF COURT.
    Whether a principal and surety in an excise bond are liable thereunder
    is a question of law, where the facts are undisputed.

Appeal from trial term.

Action by Henry H. Lyman, as commissioner, etc., against the
Gramercy Club, impleaded with the Fidelity & Deposit Company of
Maryland. From a judgment for plaintiff, the company appeals. Af-
firmed.

For former opinion, see 50 N. Y. Supp. 1004.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
McLAUGHLIN, and PATTERSON, JJ.

James R. Soley, for appellant.

Royal R. Scott, for respondent.

BARRETT, J. The main question here is the same as that which
we have considered in the case of the present plaintiff against the
Shenandoah Club (Lyman v. Deposit Co., 57 N. Y. Supp. 372). Our
opinion in the latter case covers the present, and, so far as concerns
the legal question presented, calls for an affirmance of this judgment.
The appellant, however, contends that the testimony here was not,
as in the Shenandoah Case, so clear and conclusive as to warrant a
direction. We have examined the testimony, and are unable to per-
ceive any substantial difference between the facts of the two cases.
That the Gramercy Club was an existing corporation when it applied

for a license was sufficiently proved.    The fact, too, was recited in the bond, and the appellant is estopped from denying that recital. Insurance Co. v. Bender, 124 N. Y. 47, 26 N. E. 345.    It is said that it was one Corey who violated the law, and not the corporation.    But it clearly appears that Corey was acting throughout for the corporation.    He in fact practically was the corporation.    It appears that Corey went through some such performance as the purchase of the club's charter,—whatever, under the circumstances, that may mean, —and that thereafter three or four persons got together, and said, "We are the Gramercy Club."    Thereafter Corey conducted the business.    Plainly, he was, in a legal sense, the agent of the corporation, or else he was, in effect, a corporation sole.    He was certainly all there was of the corporation.    If he were to be treated here as a principal apart from the corporation, it would be an easy and effective way, not only of evading the bond and all responsibility thereunder, but of evading and nullifying the liquor tax law.    The Gramercy Club was, it would seem, enough of a corporation to secure a license.    It was as much or as little of a practical nonentity then as it was when its "owner" or agent violated the law for it.    Such devices can never avail to defeat the law.    There was no real conflict of testimony upon any material point.    Whether the principal and surety upon this bond were liable was a question of law dependent upon the effect of the undisputed facts.    We think the learned trial judge correctly held that there was nothing to go to the jury, and that the undoubted violations of law which were proved were violations of the principal in this bond, for which the surety is clearly liable.

The judgment was right, and should be affirmed, with costs.    All concur.